WYATT PEARCE *v.* BOARD OF TRUSTEES OF TOWN OF LANCASTER.

[Abstract Kentucky Law Reporter, Vol. 1—412.]

**Town Charter—Power to Prevent Nuisance.**

> Where a town charter gives it power to cause the removal of nuisances, and under such power the town trustees enact an ordinance subjecting to a fine the owner of any unruly or dangerous animal who permits it to run at large, the town marshal may remove dangerous animals from the streets, but his failure to do so cannot be made the foundation of an action by which the town can be held liable for damages.

APPEAL FROM GARRARD CIRCUIT COURT.

November 20, 1880.

OPINION BY JUDGE PRYOR:

The trustees of the town of Lancaster, by the provision of the town charter, have power to remove or cause to be removed any nuisance within the town, and, it seems, by virtue of that section of the act of incorporation, enacted an ordinance subjecting to a fine the owner of any unruly or dangerous animal who permits it to go at large in the town. Having enacted this law it was perhaps the duty of the town marshal to have removed the goats, if in possession of facts sufficient to convict them of being vicious and unruly animals, or if the owner knew of their bad habits he could be made to answer in damages. The personal knowledge that each trustee of the town may have had of the bad reputation of these mischievous animals imposed no greater obligation on them than to look to their own personal safety, and this they seem to have done. Having enacted the ordinance they had performed their duty, and the neglect, if any, by the officer intrusted with the duty of taking charge of the unruly animals, cannot be made the foundation of an action by which the town can be held to respond in damages. It is the duty of the town authorities to keep the streets in repair and to have all obstructions removed that impede travel, or are dangerous to those passing. The

appearance of these goats on the street cannot, as is argued by counsel, be regarded as obstructing travel, and while their mischievous pranks seem to have frightened appellant's horse, resulting in great loss to him, he cannot look to the town to repair the injury. It is not alleged that these goats were the property of the corporation or that the town had any interest in them, and the appellant having alleged the adoption by the city of an ordinance to protect private property and prevent personal injuries, by punishing those who permit unruly animals to go at large within the town, has shown that the town legislature has discharged its duty. This police measure is all that is required of them, and others must be looked to for indemnity. *Prather v. City of Lexington*, 13 B. Mon. 559.

The judgment sustaining the demurrer is *affirmed*.

*Denny & Tomlinson, for appellant.*

*Anderson & Herndon, for appellees.*